TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
CAMILLE FRAMROZE (CA SBN 332075)
CFramroze@mofo.com
EMILY TSURUE YAMASHIRO MCKENNA (CA SBN 357101)
EMcKenna@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105, USA
Telephone: 415.268.7000
Facsimile: 415.268.7522

ELISABETH HUTCHINSON [*Pro Hac Vice*]
EHutchinson@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza, 370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510

Attorneys for Defendant
GENESYS CLOUD SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF A.B., PLAINTIFF C.D., AND PLAINTIFF E.F., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

GENESYS CLOUD SERVICES, INC.,

Defendant.

Case No. 3:25-cv-03276-EMC

**DEFENDANT'S REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE**

CLASS ACTION

Judge: Hon. Edward M. Chen
Date: August 14, 2025
Time: 1:30 p.m.
Courtroom: 5, 17th Floor

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Genesys Cloud Services, Inc. ("Genesys") respectfully requests that the Court take judicial notice of the documents attached as **Exhibits A through L** to the **Declaration of Tiffany Cheung**, which are as follows:

- **Exhibit A**: A true and correct copy of the National Domestic Violence Hotline's ("Hotline") home page https://www.thehotline.org;
- **Exhibit B**: A true and correct copy of Genesys' Cloud Privacy Policy, last updated February 2025, https://help.mypurecloud.com/articles/genesys-cloud-privacy-policy/;
- **Exhibit C**: A true and correct copy of Genesys' Privacy Policy, last revised September 2024, https://www.genesys.com/company/legal/privacy-policy;
- **Exhibit D**: A true and correct copy of Genesys' Privacy Policy, archived by the Internet Archive's Wayback Machine on December 10, 2023, https://web.archive.org/web/20231210170030/https://www.genesys.com/company/legal/privacy-policy;
- **Exhibit E**: A true and correct copy of Genesys' webpage titled "*Ethics and Compliance*," https://www.genesys.com/company/legal/ethics-and-compliance;
- **Exhibit F**: A true and correct copy of Genesys' webpage titled "*About call recording*," https://help.mypurecloud.com/articles/about-call-recording/;
- **Exhibit G**: A true and correct copy of Genesys' webpage titled "*Recording encryption key overview*," https://help.mypurecloud.com/articles/encryption-keys-page/;
- **Exhibit H**: A true and correct copy of Genesys' webpage titled "*Shifting power back to survivors*," https://www.genesys.com/customer-stories/national-domestic-violence-hotline;
- **Exhibit I**: A true and correct copy of Genesys' webpage titled "*Shifting power back to survivors*," archived by the Internet Archive's Wayback Machine on May 24, 2022, https://web.archive.org/web/20220524093736/https://www.genesys.com/customer-stories/national-domestic-violence-hotline;
- **Exhibit J**: A true and correct copy of Genesys' webpage titled "*National Domestic*

*Violence Hotline Reaches More Survivors by Partnering with Genesys*," May 31, 2023, https://www.genesys.com/company/newsroom/announcements/122897;

- **Exhibit K**: A true and correct copy of Forbes's online article titled "*National Domestic Violence Hotline Turns to Technology Collaboration to Modernize*," Sept. 4, 2023, https://www.forbes.com/sites/katevitasek/2023/09/04/national-domestic-violence-hotline-turns-to-technology-collaboration-to-modernize/.
- **Exhibit L**: A true and correct copy of the Hotline's webpage titled "*Types of Abuse*," https:// www.thehotline.org/resources/types-of-abuse/.

## II. EXHIBITS A TO D ARE RELIED UPON IN THE COMPLAINT AND ARE SUBJECT TO INCORPORATION BY REFERENCE.

The Court may properly consider the Hotline's home page, Genesys' Cloud Privacy Policy, and Genesys' Privacy Policy, including a prior version made available via the Wayback Machine (Exhibits A to D), under Federal Rule of Evidence 201(b) because consideration of these Exhibits is appropriate under the incorporation-by-reference doctrine.

The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018); *see, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (applying incorporation-by-reference doctrine to publicly available website pages); *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (WVG), 2023 WL 2899530, at *3 (S.D. Cal. Apr. 10, 2023) (same). This doctrine is designed to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1023-24 (N.D. Cal. 2014) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)).

Here, Plaintiffs explicitly cite Exhibits A to D in their Complaint. They rely on selective, cherry-picked quotes from Genesys' Cloud Privacy Policy and Genesys' Privacy Policy to attempt to allege that Genesys uses the Hotline's data for its own purposes. (*See, e.g.*, Compl. ¶¶ 56-57.) Plaintiffs also repeatedly reference the Hotline's website, including with

reference to the text, call, and chat services they used when contacting the Hotline. (*Id.* ¶¶ 59-60, 74-76.) Accordingly, the Court may deem statements on these websites incorporated by reference in evaluating Genesys' motion to dismiss. Indeed, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). It is improper for Plaintiffs to selectively cite to and quote from only the portions of these publicly available websites that they believe are favorable to them—when the full context of the cited documents undermines Plaintiffs' positions. *See Khoja*, 899 F.3d at 1002. Plaintiffs also reference a "prior version of [Genesys'] Privacy Policy," making it appropriate for this Court to consider prior versions made available via the Wayback Machine. (Compl. ¶ 57.) *See Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]") (collecting cases).

Furthermore, because Plaintiffs' allegations necessarily depend on the *complete* contents of Exhibits A to D, it is proper for the Court to consider the entirety of both the Hotline's and Genesys' websites, as well as the full terms of Genesys' privacy policies that were omitted from Plaintiffs' Complaint. *See, e.g.*, *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) ("Because Plaintiff's [wiretapping] claim necessarily depends on the application of Zimride's policies—which relate directly to the issue of consent—the Court finds that these documents may appropriately be considered on a motion to dismiss."); *see also Stark v. Patreon, Inc*., 635 F. Supp. 3d 841, 850 (N.D. Cal. 2022) (terms of use and privacy policies incorporated by reference at motion to dismiss stage in case involving allegations that defendant failed to disclose use of the Facebook Pixel); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020) (granting defendant's request for judicial notice of news articles and blog posts and incorporating by reference defendant's terms of service and privacy policies that were cited in the complaint because they "appear on publicly accessible websites and their authenticity cannot be reasonably questioned" (citations omitted)).

Put simply, consideration of documents not attached to pleadings is appropriate where, as here, the "claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel*, 393 F.3d at 1076. Plaintiffs cannot reasonably dispute the authenticity of any of the Exhibits, and Plaintiffs' allegations that Genesys recorded their conversations without their consent necessarily depend on the complete contents of these Exhibits. (*See, e.g.*, Compl. ¶¶ 56-57, 59-60, 74-76.) Thus, it is proper for the Court to consider the full contents of the Hotline's home page, Genesys' Cloud Privacy Policy, and Genesys' Privacy Policy, including prior versions made available via the Wayback Machine, by incorporating Exhibits A to D by reference to the Complaint.

## III. GENESYS' PRIVACY POLICIES AND OTHER PUBLICLY AVAILABLE WEBPAGES ARE SUBJECT TO JUDICIAL NOTICE.

In addition, the Court may take judicial notice of all Exhibits, including Exhibits E to L, under Rule 201(b) because they are from publicly available websites "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Woodhouse v. United States Gov't*, No. 2:21-cv-06372-SB, 2021 WL 6333468, at *4 n.3 (C.D. Cal. Nov. 24, 2021) ("[T]he Court takes judicial notice of [plaintiff's] website" because "a party's website and its contents are proper subjects for judicial notice.").

A court may take judicial notice of webpages and information on a website or application "as long as the website's authenticity is not in dispute," including, for example, when the court may "access the website and confirm the accuracy of [an] exhibi['s content." *In re Tourism Assessment Fee Litig.*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4-5 (S.D. Cal. Feb. 19, 2009), *aff'd,* 391 F. App'x 643 (9th Cir. 2010); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1024 (explaining "publicly accessible websites" are "[p]roper subjects of judicial notice when ruling on a motion to dismiss"). In fact, courts in this District routinely take judicial notice of websites, including prior versions made available via the Wayback machine, and they have done so in privacy cases with allegations nearly identical to those at issue here. *See, e.g.*, *Garcia*, 78 F. Supp. 3d at 1136-37 (granting motion to dismiss plaintiff's wiretapping claims and request for

judicial notice of defendant's terms of service and privacy policy); *see also Erickson*, 2015 WL 4089849, at *1 n.1 ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[.]"); *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *1 n.1 (N.D. Cal. June 24, 2022) (granting request for judicial notice of a screenshot of a product page on HP's website because plaintiff referenced the information posted on the website in the complaint); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (granting request for "judicial notice of the Yelp Privacy Policies during the relevant time periods because they were publicly available on the Yelp website and their existence cannot reasonably be questioned"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (granting request for judicial notice of two documents available on Xbox's website and a document "obtained from the purchase of any Xbox 360 system," because they "are capable of accurate and ready determination because they are standard documents" and "Plaintiff's complaint depends, at least in part, on the contents of the documents"); *cf. Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (granting request for judicial notice of statistics posted on the NFL's website); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1025 (taking *sua sponte* judicial notice of Yahoo terms of service and privacy policy that were attached to the complaint "because they are aspects of a publicly available website" and "Plaintiffs' Complaint necessarily relies on the contents of these webpages"). Thus, the Court may properly consider all Exhibits, to the extent these Exhibits are not subject to incorporation by reference, by taking judicial notice of the Exhibits described above.

## IV. CONCLUSION

For these reasons, Defendant respectfully requests that the Court take judicial notice of the documents attached as **Exhibits A through L** to the **Cheung Declaration**.

Dated: July 3, 2025

MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
Tiffany Cheung
Elisabeth Hutchinson
Camille Framroze
Emily Tsurue Yamashiro McKenna

*Attorneys for Defendant*
GENESYS CLOUD SERVICES, INC.