**CONSOVOY MCCARTHY PLLC**
Bryan Weir (Cal. Bar No. 310964)
Brandon Haase (*pro hac vice*)
1600 Wilson Blvd., Ste. 700
Arlington, VA, 22209
T: (703) 243-9423
F: (703) 243-8696
bryan@consovoymccarthy.com
brandon@consovoymccarthy.com

**BENBROOK LAW GROUP, PC**
Bradley Benbrook (Cal. Bar No. 177786)
Steve Duvernay (Cal. Bar No. 250957)
701 University Avenue, Ste. 106
Sacramento, CA 95825
T: (916) 447-4900
F: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

PLAINTIFF A.B., PLAINTIFF C.D., and PLAINTIFF E.F., individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GENESYS CLOUD SERVICES, INC.,

Defendant.

Case No.: 3:25-cv-03276-EMC

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

**CLASS ACTION**

Judge: Hon. Edward M. Chen
Date: October 16, 2025
Time: 1:30 p.m.
Courtroom: 5, 17th Floor

Genesys' Request for Judicial Notice ("RJN") seeks to present Genesys' version of the facts by offering documents *authored by Genesys* as proof that Plaintiffs' claims are invalid. This is exactly what the Ninth Circuit warned against in *Khoja v. Orexigen Therapeutics, Inc.*: "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint." 899 F.3d 988, 998 (9th Cir. 2018). "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999. This Court should decline Genesys' request to "short-circuit the resolution of a well-pleaded claim." *Id.* at 100.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Genesys invokes both doctrines, but neither apply to most of the documents it seeks to introduce.

## I. THE COMPLAINT DID NOT INCORPORATE EXHIBIT A.

"[A] defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. But a document should not be noticed where it "merely creates a defense to the well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1002. "[T]here are only 'rare instances when assessing the sufficiency of a claim' requires the incorporation of materials that the complaint did not reference at all." *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1180 (N.D. Cal. 2024) (quoting *Khoja*, 899 F.3d at 1002).

Here, Genesys attempts to incorporate a screenshot of what it claims is the National Domestic Violence Hotline's "home page" as Exhibit A. RJN at 1. Genesys asserts (at 2-3) the Complaint "reference[s]" this screenshot because it "refers to the text, call, and chat services they used when contacting the Hotline." But "the mere mention of the existence of a document is insufficient to

incorporate the contents of a document." *Khoja*, 899 F.3d at 1002. In fact, the screenshot Genesys incorporates includes a fourth line of communication—an "A.I. Chat" allegedly called "Ruth"—that Plaintiffs never discuss or refer to anywhere in their Complaint. *See* Compl. ¶74 (referring to "all *three* of [the Hotline's] available communications channels") (emphasis added); *see also id.* ¶112 (similar). Moreover, the underlying screenshot is dated July 2, 2025, *see* Dkt. 23-2 at 2, which is months after Plaintiffs filed their Complaint and over a year after the relevant injuries. *See* Compl. (filed April 11, 2025); *see also id.* ¶¶67, 74. Genesys thus provides no basis to infer this document reflects the same technology, layout, or disclosures Plaintiffs encountered when they were injured. *See Turner*, 735 F. Supp. 3d at 1181 ("The current version of the DAA may not be the same as the version Plaintiffs allegedly read.").

Further, Genesys' sole use of this document in its Motion to Dismiss is to contradict the Complaint's assertions that Genesys never notified visitors it was listening to their communications. *See* Mot. to Dismiss ("MTD") at 6 ("Upon clicking the AI chat option, the Hotline's website visitors are expressly notified that the chatbot is not powered by Genesys, but instead by 'The Parasol Cooperative'") (citing Ex. A). For one thing, the screenshots included in Genesys' Motion to Dismiss do not appear in Exhibit A, so they should not be incorporated under any theory. *Compare* MTD at 6 *with* Ex. A. But even if Exhibit A referred to "the Parasol Cooperative" or a chat bot named Ruth, Genesys ignores that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

Moreover, this Court cannot notice the contents of the document (or the screenshots Genesys asserts come from the document) for the purpose Genesys seeks to use them: to support its consent defense. *See* MTD at 21 ("This claim also fails because the Hotline's website explicitly discloses that 'Ruth' … is powered by the Parasol Cooperative") (citing Ex. A). "[I]f a document 'merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Turner*, 735 F. Supp. 3d at 1179 (citing *Khoja*, 899 F.3d at 1002). Bottom line, the Court should decline to incorporate Exhibit A or draw any inferences from its contents (or

omissions, in the case of Genesys' screenshots), because the Complaint neither references nor relies on it.[1]

## II. THE COURT SHOULD NOT NOTICE THE FACTS IN GENESYS' EXHIBITS.

"Under Rule 201, a court may take judicial notice of 'an adjudicative fact if it is 'not subject to reasonable dispute.''" *Turner*, 735 F. Supp. 3d at 1179 (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)). A court "may not take judicial notice of disputed facts stated in public records." *Id.* "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. "If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document." *Turner*, 735 F. Supp. 3d at 1179. Genesys requests notice for (A) webpages written by Genesys explaining its technologies; and (B) articles discussing Genesys' cooperation with the Hotline.

### A. Genesys cites Exhibits E-G for disputed facts that post-date Plaintiffs' claims.

Genesys asks this Court (at 1, 4-5) to judicially notice a series of articles from its own websites purporting to describe Genesys' compliance obligations and technology. The Court should decline.

*First*, the facts Genesys asks this Court to notice are "subject to reasonable dispute." Fed. R. Evid. 201(b). Genesys cites Exhibit E for the proposition that it "takes seriously its obligations under applicable privacy laws." *See* MTD at 1 n.2 (citing Ex. E). Plaintiffs allege the opposite: that Genesys engaged in a "far-reaching violation of [Plaintiffs'] basic privacy expectation[s]" and broke federal and state privacy laws. Compl. ¶¶2, 6-8. Likewise, Genesys cites Exhibit F for the idea that it had no role in the recording of Plaintiffs' calls. *See* MTD at 4 (citing Ex. F). Plaintiffs dispute that, alleging Genesys recorded their calls and did so without their consent. *See* Compl. ¶¶4-6, 45-46, 48-51, 110, 126. Genesys cites Exhibit G for the proposition that no-one other than the Hotline accesses Genesys'

[1] Plaintiffs do not contest incorporation of Exhibits B through D.

recordings of users' phone calls to the Hotline. *See* MTD at 4 (citing Ex. G). Plaintiffs allege that someone *other* than the Hotline—namely, Genesys—"recorded and stored Plaintiff's information and used it for its own purposes, including to evaluate its own products, design and research new products, and improve its services to other customers." Compl. ¶66. The functioning of Genesys' technologies and its compliance practices are key factual disputes in this litigation which are "not appropriate for resolution at the pleadings stage." *Turner*, 735 F. Supp. 3d at 1181. The Court should not notice these facts merely on Genesys' say-so.

*Second*, these documents were captured in early July 2025—well after Plaintiffs' alleged injuries occurred. Compl. ¶¶67, 74. "[J]ust because the latest version of a document is publicly available, [does not mean] all prior versions of the document are judicially noticeable." *Turner*, 735 F. Supp. 3d at 1181; *see also Hammerling v. Google LLC,* 2022 WL 17365255, at *4 n.3 (N.D. Cal. Dec. 1, 2022) (denying request where "the Court cannot conclude that the … Disclosure [plaintiff] saw was the same as the one provided by [defendant] in its request for judicial notice."). There is simply no way to know whether these documents accurately describe Genesys' technology or privacy practices at the time of Plaintiffs' injuries.

Nor is there any way to guarantee that these documents—which Genesys authored and maintains—were not written or modified *after* Plaintiffs filed their complaint. Or were accurate in the first instance. "[P]rivate corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015). For this reason, "[f]ederal courts considering the issue have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015). To the extent the documents post-date this litigation, the Court should not notice them or the facts they contain.

**B. Genesys seeks notice of disputed facts in Exhibits H-K.**

Genesys also seeks judicial notice for a series of articles discussing its alleged partnership with the Hotline. *See* Dkt. 24 at 1-2 (Exhibits H-K). Genesys offers the facts in these articles as proof that Plaintiffs consented to its conduct. *See* Dkt. 23 at 11 (Plaintiffs "were on notice that the Hotline utilizes Third-Party software") (cross referencing MTD §§II, which cites Exhibits H-K). But Plaintiffs dispute this—they allege they "had no idea" Genesys was intercepting or recording their conversations with the Hotline. Compl. ¶¶60, 64, 68, 71, 75. While the court may "take judicial notice of news articles, … it may only do so to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1053 (N.D. Cal. 2021). And it certainly should not notice these articles for the proposition Genesys seeks to establish—that Plaintiffs knew Genesys was recording their conversations and consented to it.[2]

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court deny Genesys' Request for Judicial Notice.

Dated: August 7, 2025

By: /s/ *Bryan Weir*

Bradley Benbrook (Cal. Bar No. 177786)
Steve Duvernay (Cal. Bar No. 250957)
BENBROOK LAW GROUP, PC
701 University Avenue, Ste. 106
Sacramento, CA 95825
T: (916) 447-4900
F: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Bryan Weir (Cal. Bar No. 310964)
Brandon Haase (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA, 22209
T: (703) 243-9423
F: (703) 243-8696
bryan@consovoymccarthy.com

*Attorney for Plaintiffs and the Proposed Class*

[2] Plaintiffs do not contest Genesys' request as to Exhibit L to the extent it is noticed solely to 'indicate what was in the public realm at the time, not whether [its] contents [are] in fact true.'" *Nguyen*, 529 F. Supp. 3d at 1053.