TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
CAMILLE FRAMROZE (CA SBN 332075)
CFramroze@mofo.com
EMILY TSURUE YAMASHIRO MCKENNA (CA SBN 357101)
EMcKenna@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105, USA
Telephone: 415.268.7000
Facsimile: 415.268.7522

ELISABETH HUTCHINSON [*Pro Hac Vice*]
EHutchinson@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza, 370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510

Attorneys for Defendant
GENESYS CLOUD SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF A.B., PLAINTIFF C.D., AND PLAINTIFF E.F., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>GENESYS CLOUD SERVICES, INC.,<br><br>Defendant. | Case No. 3:25-cv-03276-EMC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>CLASS ACTION<br><br>Judge: Hon. Edward M. Chen<br>Date: October 16, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor |

## I. INTRODUCTION

Plaintiffs concede that the Court should take judicial notice of Exhibits B, C, and D in Genesys' Request for Judicial Notice, but oppose incorporation by reference of Exhibit A and judicial notice of Exhibits E to L. Plaintiffs cannot pick and choose which Exhibits the Court may consider based on which Exhibits Plaintiffs believe will support their misguided narrative. The Court should take judicial notice of ***all*** Exhibits, because the authenticity of none can be questioned.

Consideration of Exhibit A, the National Domestic Violence Hotline's homepage, is appropriate under the incorporation-by-reference doctrine because Plaintiffs necessarily and extensively rely on it throughout their Complaint, and Plaintiffs cannot avoid facts they deem unfavorable by deliberately omitting documents upon which their claims are based. Plaintiffs repeatedly refer to the Hotline's home page, including to describe the Hotline's communication channels—indeed, Plaintiffs' claims are ***based on*** the contents of the Hotline's home page.

Further, Exhibits A and E to L are properly subject to judicial notice because they are from publicly available websites whose accuracy cannot reasonably be questioned. Consistent with this authority, Plaintiffs do not oppose judicial notice of Exhibit A. Moreover, courts in this District routinely take judicial notice of similar websites in cases with allegations nearly identical to those at issue here. Because their authenticity is not subject to reasonable dispute, the Court may take judicial notice of Exhibits A and E to L.

## II. PLAINTIFFS EXPRESSLY RELY UPON EXHIBIT A AND HAVE INCORPORATED IT BY REFERENCE.

The Court should take judicial notice of Exhibit A because it is incorporated by reference into the Complaint, and Plaintiffs' arguments to the contrary are unpersuasive.

First, Plaintiffs' argument that the Complaint merely "mentions" the "existence of" Exhibit A, the Hotline's webpage, is directly contradicted by the Complaint itself. (*See* ECF No. 40 ("RJN Opp.") at 1-2 (citing *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).) Plaintiffs' Complaint does much more than "mere[ly] mention" the Hotline's home page. (*See* RJN Opp. at 1 (citing *Khoja*, 899 F.3d at 1002).) Rather, Plaintiffs repeatedly

reference, and indeed base their claims on, the contents of the Hotline's home page. (*See, e.g.*, ECF No. 1 ("Compl.") ¶¶ 27, 34, 39.) The Complaint refers extensively to the Hotline's home page, including to describe (1) the Hotline's chat function (*id.* ¶ 27), (2) the Hotline's call option (*id.* ¶ 34 ("When a user clicks on the 'Call' option on the Hotline's website . . . .")), and (3) the Hotline's text option (*id.* ¶ 39 ("Users can initiate a text message communication with the Hotline by clicking the 'text' option on the Hotline's homepage.")), all located on the Hotline's home page. *See Khoja*, 899 F.3d at 1003 ("'[E]xtensively' . . . should, ordinarily at least, mean more than once."). Plaintiffs' multiple references to and reliance on the Hotline's home page justifies treating it as incorporated by reference and the Court may therefore properly consider the contents of the Hotline's home page. *See id.* at 1002-03; *see also Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *1 n.1 (N.D. Cal. June 24, 2022) (granting request for judicial notice of a screenshot of a product page on HP's website because plaintiff referenced the information posted on the website in the complaint).

Second, Plaintiffs argue against incorporation by reference on the grounds that a document "should not be noticed where it 'merely creates a defense to the well-pled allegations in the complaint.'" (*See* RJN Opp. at 1 (quoting *Khoja*, 899 F.3d at 1002).) Plaintiffs' argument against judicial notice has been rejected by courts—Plaintiffs cannot avoid judicial notice merely because it would undermine the baseless allegations in the Complaint. Just the opposite: the incorporation-by-reference doctrine prevents Plaintiffs from selectively omitting portions of a document that would support dismissal of their claims. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*, *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). That is precisely what is at issue here: denying judicial notice of Exhibit A would allow Plaintiffs to avoid unfavorable facts when the full context of the Exhibit undermines Plaintiffs' position. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts need not accept "as true conclusory allegations [that] are contradicted by documents referred to in the complaint") (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). For instance, Plaintiffs cannot allege purported lack of consent, a necessary element of their underlying claims, by omitting the full contents of the website and

chat box disclosing the use of a "chatbot" from which Plaintiffs allegedly interacted with the Hotline's use of Genesys technology. Because the contents of Exhibit A are alleged in the Complaint, judicial notice is proper to allow the court to "consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); (Compl. ¶¶ 59-60, 74-76).

Third, Plaintiffs argue Exhibit A should not be incorporated by reference because it is dated as of the filing of Genesys' motion to dismiss, rather than the time of Plaintiffs' alleged injuries. (*See* RJN Opp. at 2.) As an initial matter, Plaintiffs do not contend the Hotline's current home page differs in any way from the home page Plaintiffs viewed. (*See generally* RJN Opp.) Nor does the Complaint reference which version of the Hotline's home page Plaintiffs rely on. (*See generally* Compl.) Moreover, Plaintiffs cite no authority for the proposition that a court may not take judicial notice of documents post-dating a plaintiff's alleged injury—indeed, California courts have done as much. *See, e.g.*, *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190 (S.D. Cal. 2024) (in CIPA case, taking judicial notice of screenshots dated after the filing of the complaint); *see also Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, No. CV 17-02331-AB (JCx), 2018 WL 437472, at *3 (C.D. Cal. Jan. 16, 2018) (in patent infringement case, taking judicial notice of screenshot dated after the filing of the complaint); Request for Judicial Notice, *Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, No. CV 17-02331-AB (JCx), ECF No. 41; *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007) (in the securities context, taking judicial notice of documents dated after the filing of the complaint). And as described below (*see* Section III, *infra*), to the extent Plaintiffs dispute the ***facts*** alleged in Exhibit A, that is not a ground for a Court to refuse to take judicial notice of the exhibit.

Third, Plaintiffs argue the screenshots on page 6 of Genesys' motion to dismiss are not included in Exhibit A, which shows the Hotline's home page. (*See* RJN Opp. at 15-17.) The screenshots, however, depict the communication features embedded in the Hotline's home page, which the court may verify by "access[ing] the website and confirm[ing its] accuracy." *See In re Tourism Assessment Fee Litigation*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4 (S.D. Cal. Feb. 19, 2009), *aff'd*, 391 F. App'x 643 (9th Cir. 2010). Plaintiffs cannot avoid

incorporation by reference merely because Genesys did not include all aspects of the website on the Hotline's home page in its attached exhibit. Moreover, the screenshots depict the very communication channels Plaintiffs reference throughout their Complaint. (*See, e.g.*, Compl. ¶¶ 27 (describing Hotline's chat function), 60 (describing Hotline's "AI-empowered Chatbot").)

Finally, Plaintiffs oppose incorporation by reference because Exhibit A shows Genesys' AI chatbot, "Ruth," a communication channel purportedly not mentioned in Plaintiffs' Complaint. (*See* RJN Opp. at 2.) But Plaintiffs' Complaint repeatedly refers to Genesys' "Chatbot." (*See* Compl. ¶¶ 21, 60-62.) Plaintiffs cannot avoid incorporation by reference by selectively omitting certain details in their Complaint, and Plaintiffs do not deny that they communicated with the "Ruth" chatbot. (*See* ECF No. 39 at 17 n.5.) This is precisely why the Court should take judicial notice of Exhibit A—to prevent Plaintiffs from avoiding information that dooms their claims. *Parrino*, 146 F.3d at 706.

Genesys therefore respectfully requests the Court take judicial notice of the entirety of Exhibit A, the Hotline's home page.

## III. THE HOTLINE'S WEBSITE AND OTHER PUBLICLY AVAILABLE WEBPAGES ARE SUBJECT TO JUDICIAL NOTICE

Judicial notice of Exhibits A and E to L is proper under Rule 201(b) because the Exhibits are from publicly available websites "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Woodhouse v. United States Gov't*, No. 2:21-cv-06372-SB, 2021 WL 6333468, at *4 n.3 (C.D. Cal. Nov. 24, 2021) ("[T]he Court takes judicial notice of [plaintiff's] website" because "a party's website and its contents are proper subjects for judicial notice."). In fact, courts in this district regularly consider similar documents when ruling on motions to dismiss nearly identical privacy claims. *See, e.g.*, *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136-37 (N.D. Cal. 2015); *Carvalho*, 2022 WL 2290595, at *1 n.1; *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010).

As an initial matter, Plaintiffs appear to concede that the Court can take judicial notice of Exhibit A. (RJN Opp. at 3, 5 (referring only to Exhibits E to G, and H to K).) As to the

remainder of the contested Exhibits, Plaintiffs first argue that the Court may not take judicial notice of Exhibits E to L because the facts contained therein are "subject to reasonable dispute." (*See id*. at 3.) But the dispositive question is not whether Plaintiffs dispute statements made in an exhibit, but whether the exhibit's ***authenticity*** is subject to dispute. *See, e.g.*, *In re Tourism Assessment Fee Litig.*, 2009 WL 10185458, at *4-5 (taking judicial notice of website where "website's authenticity [was] not in dispute"). Here, the authenticity of the Exhibits is not subject to reasonable dispute. *See id.* (website's authenticity was not in dispute where Court was able to access the website and confirm exhibits' accuracy). And even if Plaintiffs dispute facts therein, the Court may still properly take judicial notice of the Exhibits in question. *See, e.g.*, *In re Qualcomm Antitrust Litig.*, 292 F. Supp. 3d 948, 964 (N.D. Cal. 2017) ("[A] court may take judicial notice of a document without taking judicial notice of reasonably disputed facts contained in the document.").

Plaintiffs themselves concede that the Court may "take judicial notice of news articles . . . to 'indicate what was in the public realm at the time, [but] not whether the contents of those articles were in fact true.'" *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1053 (N.D. Cal. 2021) (citation omitted); *see also Bargetto v. Walgreen Co.*, No. 22-cv-02639-TLT, 2022 WL 18539360, at *2 (N.D. Cal. Dec. 19, 2022) (same). By Plaintiffs' own standard, then, the Court may take judicial notice of articles highlighting the Hotline-Genesys partnership. The Court may notice these articles if not for the truth of the articles' content, i.e., that the Hotline had in fact partnered with Genesys, then for "what was in the public realm" that would have put Plaintiffs on notice of the conduct at issue. *See Nguyen*, 529 F. Supp. 3d at 1053; *see also Pardi v. Tricida, Inc.*, No. 21-cv-00076-HSG, 2022 WL 3018144, at *3 (N.D. Cal. July 29, 2022) ("[T]he Ninth Circuit has explained that courts may take judicial notice of documents to show 'that the market was aware of the information contained' in those documents . . . . 'The Court is not taking notice of the truth of any of the facts asserted.'") (citations omitted).

Second, as to Exhibits E to G, Plaintiffs argue that there is "no way to know whether [the exhibits] accurately describe Genesys' technology or privacy practices at the time of Plaintiffs' injuries" because the Exhibits "post-date this litigation." (RJN Opp. at 4.) Again, Plaintiffs cite

no authority for the proposition that a court may not take judicial notice of documents post-dating a plaintiff's complaint, and courts in this Circuit routinely do so. *See In re Hansen*, 527 F. Supp. 2d at 1150 n.2. Moreover, Plaintiffs do not contend the websites have changed in any way since the time of their alleged injuries. (*See generally* RJN Opp.)

In sum, the Court may properly take judicial notice of all Exhibits, to the extent the Exhibits are not subject to incorporation by reference, because they are from publicly available sources whose authenticity can be readily determined.

## IV. CONCLUSION

For the forgoing reasons, Defendant respectfully request the Court take judicial notice of **Exhibits A through L** to the **Cheung Declaration**. (*See* RJN at 1-2, ECF No. 24.)

Dated: August 28, 2025

MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
Tiffany Cheung
Elisabeth Hutchinson
Camille Framroze
Emily Tsurue Yamashiro McKenna

*Attorneys for Defendant*
GENESYS CLOUD SERVICES, INC.

MOFO-359464360