TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
CAMILLE FRAMROZE (CA SBN 332075)
CFramroze@mofo.com
EMILY TSURUE YAMASHIRO MCKENNA (CA SBN 357101)
EMcKenna@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105, USA
Telephone: 415.268.7000
Facsimile: 415.268.7522

ELISABETH HUTCHINSON [*Pro Hac Vice*]
EHutchinson@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza, 370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510

Attorneys for Defendant
GENESYS CLOUD SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF A.B., PLAINTIFF C.D., AND PLAINTIFF E.F., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

GENESYS CLOUD SERVICES, INC.,

Defendant.

Case No. 3:25-cv-03276-EMC

**DEFENDANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

CLASS ACTION

Judge: Hon. Edward M. Chen
Date: October 16, 2025
Time: 1:30 p.m.
Courtroom: 5, 17th Floor

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Genesys Cloud Services, Inc. ("Genesys") respectfully requests the Court take judicial notice of the document attached as **Exhibit M** to the **Declaration of Tiffany Cheung**, which is a true and correct copy of Genesys' webpage titled "*Quality assurance and monitoring*," available at https://www.genesys.com/capabilities/quality-assurance-and-monitoring/. Genesys supplements its original exhibits based on Plaintiffs' extensive reliance on the foregoing webpage in their opposition to Genesys' motion to dismiss, as well as in their Complaint.

## II. ARGUMENT

A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). Separately, a document is subject to judicial notice if its contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "may treat such . . . document[s] as part of the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citation omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

**Exhibit M** is incorporated by reference and subject to judicial notice for the same reasons Genesys discussed in its original Request for Judicial Notice as to Exhibits A to L. (*See* ECF No. 24.)

*First*, Exhibit M is incorporated by reference because Plaintiffs extensively rely on the webpage's contents in an attempt to allege that Genesys intercepted the Hotline's communications "in transit." (*See, e.g.*, ECF No. 1 ("Compl.") ¶¶ 50, 135.) Indeed, these allegations "form[] the basis" of Plaintiffs' wiretap claims. *Khoja,* 899 F.3d at 1002 (quoting

*United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). Plaintiffs thus cite to portions of Exhibit M in both their Complaint, as well as in their opposition. (*See* Compl. ¶¶ 50, 135; ECF No. 39 ("Opp.") at 7-8.) Accordingly, incorporation by reference is proper to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting" those "that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

*Second*, judicial notice of Exhibit M is proper because it is a publicly available website, and its existence cannot be "reasonably questioned." Fed. R. Evid. 201(b); *see also In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020) (taking judicial notice of documents that "appear on publicly accessible websites and their authenticity cannot be reasonably questioned" (citations omitted)). Moreover, Plaintiffs cannot credibly dispute the website's authenticity, especially where the contents of the website form the basis for Plaintiffs' claims and they cite to the same document extensively. *See, e.g.*, *In re Tourism Assessment Fee Litig.*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4-5 (S.D. Cal. Feb. 19, 2009), *aff'd,* 391 F. App'x 643 (9th Cir. 2010) (taking judicial notice of website where "website's authenticity [was] not in dispute").

Courts in this District regularly consider similar documents when ruling on motions to dismiss nearly identical privacy claims. *See, e.g.*, *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136-37 (N.D. Cal. 2015); *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *1 n.1 (N.D. Cal. June 24, 2022); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010). The same result should follow here. The Court may properly take judicial notice of Exhibit M.

## III. CONCLUSION

For these reasons, Defendant respectfully requests that the Court take judicial notice of the document attached as **Exhibit M** to the **Cheung Declaration**.

Dated: August 28, 2025

MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
Tiffany Cheung
Elisabeth Hutchinson
Camille Framroze
Emily Tsurue Yamashiro McKenna

*Attorneys for Defendant*
GENESYS CLOUD SERVICES, INC.

MOFO-360497965