**CONSOVOY MCCARTHY PLLC**
Bryan Weir (Cal. Bar No. 310964)
Brandon Haase (*pro hac vice*)
1600 Wilson Blvd., Ste. 700
Arlington, VA, 22209
T: (703) 243-9423
F: (703) 243-8696
bryan@consovoymccarthy.com
brandon@consovoymccarthy.com

**BENBROOK LAW GROUP, PC**
Bradley Benbrook (Cal. Bar No. 177786)
Steve Duvernay (Cal. Bar No. 250957)
701 University Avenue, Ste. 106
Sacramento, CA 95825
T: (916) 447-4900
F: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLAINTIFF A.B., PLAINTIFF C.D., and PLAINTIFF E.F., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GENESYS CLOUD SERVICES, INC.,<br><br>Defendant. | Case No.: 3:25-cv-03276-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>**CLASS ACTION**<br><br>Judge: Hon. Edward M. Chen<br>Date: October 16, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor |

Once again, Genesys attempts to short-circuit the pleadings process and "present [its] own version of the facts as uncontroverted and true." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). In its Supplemental Request for Judicial Notice ("SRJN") Genesys asks the Court to notice a webpage dated nearly five months after Plaintiffs filed their Complaint which Genesys authored and controls. But this new exhibit doesn't fall under either exception to the general rule prohibiting consideration of material outside the pleadings on a Rule 12(b)(6) motion. *Id.* at 998. The Court should deny Genesys' request.

**I. THE COMPLAINT DID NOT INCORPORATE EXHIBIT M.**

"[A] defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. But "there are only 'rare instances when assessing the sufficiency of a claim' requires the incorporation of materials that the complaint did not reference at all." *Turner v. Nuance Commc'ns, Inc.*, 735 F. Supp. 3d 1169, 1180 (N.D. Cal. 2024) (quoting *Khoja*, 899 F.3d at 1002).

Here, Genesys attempts to incorporate a screenshot of its "quality assurance and monitoring" webpage as Exhibit M. SRJN at 1. Genesys asserts the Complaint "extensively rel[ies] on the webpage's contents." *Id.* As with the other exhibits Genesys seeks to introduce, *see* Dkt. 24, Genesys fails to assert whether this webpage has been altered since Plaintiffs were injured or even since they filed their Complaint. *See Turner*, 735 F. Supp. 3d at 1181 ("The current version of the DAA may not be the same as the version Plaintiffs allegedly read."). Nor could it, because Genesys *has* significantly altered this webpage since Plaintiffs filed their Complaint. To wit, the webpage Plaintiffs relied on contains almost twice as many references to "real time" communications monitoring as the one Genesys seeks to incorporate by reference. *See* Genesys, *Ensure Contact Center Quality Assurance and Compliance*, genesys.com (archived 2025.01.03), https://perma.cc/VBK6-STFG. Obviously, Plaintiffs could not have relied on a document that didn't exist yet when drafting their Complaint.

Further, Genesys' sole use of this document in its Motion to Dismiss is to contradict the Complaint's assertions that Genesys did not intercept Plaintiffs' communications in real time. *See* Reply in Supp. Mot. to Dismiss ("Reply") at 10 ("When read in context, the selected quote makes

clear that any 'real-time monitoring' is conducted by Genesys' customers and not by Genesys itself.") (citing Ex. A). For one thing, even Genesys' updated webpage states that *Genesys* delivers "conversational analytics" and "trends" to its customers in "real time." Ex. M at 2. But in any event, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

The Complaint did not reference or rely on Exhibit M. It is a new document that post-dates the Complaint, and the Court should decline to incorporate or draw any inferences from its contents.

## II. THE COURT SHOULD NOT NOTICE THE FACTS IN EXHIBIT M.

Genesys also requests the court judicially notice Exhibit M. "Under Rule 201, a court may take judicial notice of 'an adjudicative fact if it is 'not subject to reasonable dispute.'" *Turner*, 735 F. Supp. 3d at 1179 (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)). A court "may not take judicial notice of disputed facts." *Id.* "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. "If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document." *Turner*, 735 F. Supp. 3d at 1179.

The Court should decline Genesys' request. *First*, the document contains facts that are "subject to reasonable dispute." Fed. R. Evid. 201(b). Genesys cites the document for the idea that any "'real-time monitoring' is conducted by Genesys' customers and not by Genesys itself." Reply at 10. But Plaintiffs allege the opposite: that Genesys *itself* intercepted and recorded Plaintiffs' interactions with the Hotline in real-time. Compl. ¶¶3, 21-22, 48-51. This is a "disputed fact," and the Court should not notice Genesys' proffered version of the facts based on a document Genesys altered after the litigation commenced.

*Second*, the request is untimely. As Genesys' own authority confirms, "the Court will not consider new evidence presented for the first time in a Reply." *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 (C.D. Cal. 2007); *see also, e.g.*, *World Lebanese Cultural Union, Inc. v.*

*World Lebanese Cultural Union of New York, Inc.*, 2011 WL 5118525, at *6 (N.D. Cal. Oct. 28, 2011) ("New evidence … presented for the first time in a reply is improper and will not be considered."); *Miller v. Fuhu Inc.*, 2015 WL 7776794, at *1 (C.D. Cal. Dec. 1, 2015) (similar). Genesys had every opportunity to introduce this document along with its Motion to Dismiss, which Genesys asserts (incorrectly) Plaintiffs relied on in their Complaint. Genesys provides no justification for its belated request.

*Third*, the document should be rejected because it post-dates the litigation. As explained above, the webpage is dated August 28, 2025, well after Plaintiffs' alleged injuries occurred and the start of this lawsuit. Compl. ¶¶67, 74. "[J]ust because the latest version of a document is publicly available, [does not mean] all prior versions of the document are judicially noticeable." *Turner*, 735 F. Supp. 3d at 1181; *see also Hammerling*, 2022 WL 17365255, at *4 n.3; *compare with In re Hansen*, 527 F. Supp. 2d at 1150 (distinguishing SEC filings post-dating the litigation "in a securities action" from "the general rule" that "matters outside the pleadings are not to be considered by the court in ruling on a 12(b)(6) motion to dismiss").

*Fourth*, as noted above, the document's accuracy is necessarily suspect. "[P]rivate corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015). This is especially so when the document "appear[s] on [a] website[] … created and maintained by a party to the litigation," *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015), and, as here, has been *altered by the party introducing it* since the case was filed. The Court should not notice it or the facts it contains.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Genesys' Supplemental Request for Judicial Notice.

Dated: September 11, 2025

By: /s/ *Bryan Weir*

Bryan Weir (Cal. Bar No. 310964)
Brandon Haase (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA, 22209
T: (703) 243-9423
F: (703) 243-8696
bryan@consovoymccarthy.com

Bradley Benbrook (Cal. Bar No. 177786)
Steve Duvernay (Cal. Bar No. 250957)
BENBROOK LAW GROUP, PC
701 University Avenue, Ste. 106
Sacramento, CA 95825
T: (916) 447-4900
F: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Attorney for Plaintiffs and the Proposed Class*