TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
CAMILLE FRAMROZE (CA SBN 332075)
CFramroze@mofo.com
EMILY TSURUE YAMASHIRO MCKENNA (CA SBN 357101)
EMcKenna@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105, USA
Telephone: 415.268.7000
Facsimile: 415.268.7522

ELISABETH HUTCHINSON [*Pro Hac Vice*]
EHutchinson@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza, 370 Seventeenth Street
Denver, Colorado 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510

Attorneys for Defendant
GENESYS CLOUD SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF A.B., PLAINTIFF C.D., AND PLAINTIFF E.F., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

GENESYS CLOUD SERVICES, INC.,

Defendant.

Case No. 3:25-cv-03276-EMC

**DEFENDANT'S REPLY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

CLASS ACTION

Judge: Hon. Edward M. Chen
Date: October 16, 2025
Time: 1:30 p.m.
Courtroom: 5, 17th Floor

## I. INTRODUCTION

Even though Plaintiffs rely extensively on Exhibit M (a publicly available webpage) throughout their Complaint and opposition brief to Genesys' motion to dismiss, they object to the admission of the entirety of the document because it would be damaging to their claims if considered. (*See, e.g.*, ECF No. 1 ("Compl.") ¶¶ 50, 135; ECF No. 39 ("Opp.") at 7–8.) When Plaintiffs choose to quote from a document in their submissions to the Court, that document should be considered by the Court in its entirety; that is the bedrock principle behind the incorporation by reference doctrine. Plaintiffs cannot continue to pick and choose documents—especially ones that they themselves cite—in determining what should be properly considered by the Court. For the same reasons detailed in Genesys' Reply in Support of Request for Judicial Notice (ECF No. 44), this Court should take judicial notice of Exhibit M because it is incorporated by reference in Plaintiffs' Complaint and is otherwise subject to judicial notice because its authenticity cannot reasonably be questioned.

## II. PLAINTIFFS EXPRESSLY RELY UPON EXHIBIT M AND HAVE INCORPORATED IT BY REFERENCE

Plaintiffs continue to attempt to avoid incorporation by reference by arguing the Court may not take notice of a document if the document disputes facts in Plaintiffs' Complaint. (ECF No. 47 at 2.) As detailed in Genesys' Reply in Support of Request for Judicial Notice, Plaintiffs' argument has been repeatedly rejected by courts in the Ninth Circuit; Plaintiffs cannot avoid judicial notice of a document merely because it undermines the baseless allegations in their Complaint. (*See* ECF No. 44 at 3.) Indeed, as is the case here, the very purpose of the incorporation-by-reference doctrine is to prevent Plaintiffs from avoiding consideration of unfavorable facts when the full context of the document undermines Plaintiffs' position. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts need not accept "as true conclusory allegations [that] are contradicted by documents referred to in the complaint" (citation omitted)), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

In this case, Plaintiffs cannot allege a "real-time" interception, a necessary element of

their underlying claims, by omitting the portions of Exhibit M that make it clear any such monitoring is conducted by Genesys' ***customers*** that utilize the technology to communicate with their end-users. Because the contents of Exhibit M are alleged in Plaintiffs' Complaint and opposition, judicial notice is proper to allow the court to "consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); (*see* Compl. ¶¶ 50, 135; Opp. at 7-8).

Plaintiffs further attempt to avoid incorporation by reference by arguing the Court may not take judicial notice of Exhibit M because the current version of the webpage postdates Plaintiffs' Complaint. (*See* ECF No. 47 at 1.) But Plaintiffs cite no authority for this proposition, and indeed, California courts routinely notice documents postdating the filing of a plaintiff's complaint at the motion-to-dismiss stage. *See, e.g.*, *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190 (S.D. Cal. 2024) (in CIPA case, taking judicial notice of documents post-dating complaint); *see also Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, No. CV 17-02331-AB (JCx), 2018 WL 437472, at *3 (C.D. Cal. Jan. 16, 2018) (in patent infringement case, taking judicial notice of documents post-dating complaint); *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) (in the securities context, taking judicial notice of documents post-dating complaint). Plaintiffs' argument is also undermined by their own quotations from the same webpage in their opposition, which also postdates the complaint.

Plaintiffs also attempt to avoid incorporation by reference by erroneously arguing that Genesys "altered" Exhibit M merely because it has updated the webpage since January of this year. Plaintiffs argue the archived version of the webpage, dated January 2025, has more references to "real-time" communications than the current version on Genesys' website. (ECF No. 47 at 1.) But even the archived version makes clear that any "real-time" monitoring is conducted by Genesys' ***customers***, not Genesys itself; the number of references to "real-time" monitoring changes nothing. (*See id.* (citing Genesys, *Ensure Contact Center Quality Assurance and Compliance*, genesys.com (archived 2025.01.03), https://perma.cc/VBK6-STFG).) It is for this very reason that the Court should take judicial notice of Exhibit M, namely, to "prevent[]

plaintiffs from selecting only portions of documents that support their claims, while omitting" those "that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

**III. EXHIBIT M IS SUBJECT TO JUDICIAL NOTICE**

Alternatively, judicial notice of Exhibit M is proper under Rule 201(b) because the Exhibit is from a publicly available website "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Woodhouse v. U. S. Gov't*, No. 2:21-cv-06372-SB, 2021 WL 6333468, at *4 n.3 (C.D. Cal. Nov. 24, 2021) ("[T]he Court takes judicial notice of [plaintiff's] website" because "a party's website and its contents are proper subjects for judicial notice."), *aff'd*, 2023 WL 3600032 (9th Cir. May 23, 2003). In fact, courts in this district regularly consider similar documents when ruling on motions to dismiss nearly identical privacy claims. *See, e.g.*, *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136–37 (N.D. Cal. 2015); *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *1 n.1 (N.D. Cal. June 24, 2022); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010).

Plaintiffs argue that the Court may not take notice of documents containing facts Plaintiffs dispute. (*See* ECF No. 47 at 2.) But again, as Genesys explained in its Reply in Support of Request for Judicial Notice (ECF No. 44 at 6), the dispositive question is only whether Exhibit M's ***authenticity*** is subject to dispute. *See, e.g.*, *In re Tourism Assessment Fee Litig.*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4–5 (S.D. Cal. Feb. 19, 2009) (taking judicial notice of website where "website's authenticity [was] not in dispute"). It is not. The authenticity of Exhibit M is not subject to reasonable dispute and Plaintiffs cannot manufacture such a dispute by misrepresenting statements contained in the webpage. *See id.* (website's authenticity was not in dispute where Court was able to access the website and confirm exhibits' accuracy). Moreover, judicial notice is appropriate even if Exhibit M contained reasonably disputed facts. *See, e.g.*, *In re Qualcomm Antitrust Litig.*, 292 F. Supp. 3d 948, 964 (N.D. Cal.

2017) ("[A] court may take judicial notice of a document without taking judicial notice of reasonably disputed facts contained in the document.").

Plaintiffs next argue Genesys' request for judicial notice of Exhibit M is untimely because the Court should not consider "new evidence" presented for the first time in a reply. (*See* ECF No. 47 at 2.) This argument is unavailing. Exhibit M was extensively relied on in Plaintiffs' Complaint in attempting to allege a "real-time" interception and is not "new evidence." (Compl. ¶¶ 50, 135.) Moreover, Genesys' Supplemental Request for Judicial Notice of Exhibit M was made in response to Plaintiffs' reliance on the Exhibit in their opposition brief. (*See* Opp. at 7–8.)

Plaintiffs' argument that the Court may not notice Exhibit M because the webpage was updated after the Complaint was filed can be quickly dismissed for the reasons stated above. (*See supra* § II.) Again, Plaintiffs cite no authority for the proposition that a court may not take judicial notice of documents whose authenticity cannot be questioned merely because the document post-dates a plaintiff's complaint; rather, courts in this Circuit routinely do so. *See In re Hansen*, 527 F. Supp. 2d at 1149 n.2.

Finally, that Genesys may have made minor updates to the webpage in the months since Plaintiffs allegedly viewed it does not mean that the webpage was "altered." (*Contra* ECF No. 47 at 3.) Indeed, the version dated January 2025 does not differ in any material way from the current version. (*Compare id.* (citing Genesys, *Ensure Contact Center Quality Assurance and Compliance*, genesys.com (archived 2025.01.03), https://perma.cc/VBK6-STFG), w*ith* Ex. M.) Plaintiffs point only to a differing number of references to "real-time" communications between the archived and current versions. (*See id.* at 1.) This is a distinction without a difference. Both versions equally make clear that any "real-time" monitoring, no matter the number of times referenced, is conducted by Genesys' ***customers***, not Genesys itself. (*Compare id.* (citing Genesys, *Ensure Contact Center Quality Assurance and Compliance*, genesys.com (archived 2025.01.03), https://perma.cc/VBK6-STFG), w*ith* Ex. M.) Indeed, the language Plaintiffs rely on to allege a purported in-transit interception remains substantially unchanged on the updated version of the webpage. (*See id.*) The Court could take judicial notice of the archived page

Plaintiffs allegedly relied on and still see that the webpage, when considered in full, undercuts Plaintiffs' positions because, in either version, the webpage refers to Genesys' ***customers***—not Genesys—being able to use Genesys' technology to monitor the ***customers'*** interactions with the ***customers'*** end-users.

In sum, the Court may properly take judicial notice of Exhibit M, to the extent it is not subject to incorporation by reference, because it is from a publicly available source whose authenticity can be readily determined.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court take judicial notice of **Exhibit M** to the **Cheung Declaration**. (*See* ECF No. 45.)

Dated: September 18, 2025

MORRISON & FOERSTER LLP

By: *\/s\/ Tiffany Cheung*
Tiffany Cheung
Elisabeth Hutchinson
Camille Framroze
Emily Tsurue Yamashiro McKenna

*Attorneys for Defendant*
GENESYS CLOUD SERVICES, INC.