United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A. B., et al.,

Plaintiffs,

v.

GENESYS CLOUD SERVICES, INC.,

Defendant.

Case No. 25-cv-03276-EMC

**ORDER GRANTING PRELIMINARY CLASS SETTLEMENT APPROVAL**

Docket No. 67

On August 27, 2026, the Court heard Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Following that hearing, the Court requested supplemental briefing and adjustments to the Settlement Agreement, Notice Plan, and Claims Form. Now, having fully received and considered the Plaintiffs' Notice of Motion, supporting Memorandum of Points and Authorities, the Declaration of Bryan Weir, the Declaration of Brandon Schwartz, the Settlement Agreement, the Notice, the Claims Form, the objection and opt-out procedure, the supplemental briefing, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and to conduct a fairness hearing as to the good faith, fairness, adequacy, and reasonableness of any proposed settlement, the Court finds as follows.

On April 11, 2025, Plaintiffs filed a putative class action complaint (the "Complaint") against Genesys Cloud Services, Inc., alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, et seq. and the California Invasion of Privacy Act, Cal. Pen. Code §§ 630, et seq. arising out of the purported capture of individuals' communications with the National Domestic Violence Hotline (the "Hotline").

After negotiating at arm's length, Plaintiffs and Defendant have arrived at what the Court

finds to be a fair and equitable settlement of all claims encompassed by Plaintiffs' Complaint. The proposed settlement fairly reflects the potential value of the claims settled, the litigation risks faced by the plaintiffs, and the results obtained by the settlement. Plaintiffs and Defendant have agreed to the entry of a Settlement Agreement and Release ("Agreement"), attached as Exhibit 1 to a Supplemental Brief filed in support of the Motion for Preliminary Approval. Dkt. No. 88-1. The Claims Form in the Agreement has been updated as shown in Exhibit A to the updated Agreement. Dkt. No. 88-1, Ex. A.

Defendant continues to deny all allegations contained in the Complaint. Plaintiffs have moved this Court to (1) provisionally certify a settlement class; 2) preliminarily approve the Agreement; (3) direct distribution to the class of a proposed Notice; and (4) set a hearing date for final approval of the settlement. Defendant does not oppose Plaintiffs' motion for purposes of settlement but reserves all rights and defenses with respect to the litigation. The Court finds that the Proposed Class and Settlement Agreement meet the requirements of Rule 23, the factors the Ninth Circuit has articulated for considering whether a class action settlement is fair, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and the Northern District of California's Procedural Guidance for Class Action Settlements.

## I. ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL

Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraph T of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All natural persons who, while residents of and present in California, communicated with the National Domestic Violence Hotline through any channel, from April 11, 2023, to the date of final judgment in the Action.

Excluded from the Settlement Class are (i) Genesys; (ii) Genesys' parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Genesys has a controlling interest; and (iv) any judge presiding over this Action, their staff, and the members of the judge's immediate family.

The Court finds, subject to the Final Approval Hearing, that within the context of and for the purposes of settlement only, the Settlement Class satisfies the prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Plaintiffs are adequate representatives of the Settlement Class. The Court finds that the Settlement Class meets the numerosity requirement of Rule 23(a)(1) because it consists of approximately 100,000 class members. The Court finds that the commonality requirement of Rule 23(a)(2) is also met because there are issues of law and fact common to the Class, such as whether they communicated with the Hotline and whether those communications were intercepted or recorded by Genesys. Because Plaintiffs' and the Participating Class Members' claims all arise from the same events and course of conduct, and are based on the same legal theories, the typicality requirement of Rule 23(a)(3) is also satisfied. The adequacy of representation requirement set forth in Rule 23(a)(4) is also met here because the Class Representative has the same interests as all members of the Settlement Class, and they are represented by experienced and competent counsel.

Pursuant to Rule 23(b)(3), the Court further finds that common issues predominate over individual issues in the litigation. The Court also finds that class treatment is superior to other means of resolving the instant dispute. Employing the class device here will conserve the resources of the judicial system by avoiding the delay of repetitive proceedings and prevent the inconsistent adjudications of similar issues and claims. Moreover, in this case, due to the sensitive nature of the communications between Class Members and the Hotline, the class device will allow the claims of Class Members to be resolved without exposing them to further risk of violence or loss of anonymity.

<u>Class Representatives and Class Counsel.</u> For purposes of settlement only, pursuant to Rule 23(g), the Court appoints Bryan Weir and Brandon Haase of Consovoy McCarthy PLLC as Class Counsel for the Settlement Class. The Court finds that these attorneys are competent and capable of fairly and adequately representing the interests of the Class. Furthermore, Plaintiffs A.B., C.D., and E.F. are appointed Class Representatives for the Settlement Class. The Court finds that the Class Representatives will adequately represent the Settlement Class.

## II. PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

The Court has reviewed the Agreement and the proposed Notice of Settlement. The Court finds, on a on a preliminary basis, that the Agreement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court also finds, on a preliminary basis, that the Agreement appears to be the product of non-collusive, arm's-length negotiations between counsel.

It appears to the Court on a preliminary basis that the total settlement amount of $2,500,000 is fair and reasonable to all Class Members. It is true that the total potential verdict value if Plaintiffs prevail on all claims is estimated at up to $1 billion, creating a recovery rate for the settlement of about a quarter of a percent. This is an extremely steep discount. However, the Court finds that the litigation risks in this case are significant. As the parties discussed at the August 27, 2026 hearing, because of the nature of the technology Defendant used, the facts and the mechanics of the alleged interception are uncertain and would require significant resources to litigate. In addition, because of the anonymity of the class members, identifying class members and distributing any recovery at trial to those class members would present significant challenges. Thus, due to the uncertainty of Plaintiffs' ability to prevail on their claims and the significant challenges in both litigating those claims and identifying class members, the Court finds that the settlement amount is fair and reasonable.

The Agreement provides that at least $500,000 of the total settlement amount will be distributed as a *cy pres* award to the Hotline to be used solely to (1) fund domestic violence awareness campaigns in California high schools and colleges, and (2) hire additional Hotline advocates to support the anticipated increase in California-based outreach. The Hotline's designation as a *cy pres* awardee is not in exchange for any consideration on behalf of the Hotline, and the Hotline is not a released party. The *cy pres* award is tailored to benefit the class members by supporting domestic violence resources in California so as to ensure geographic congruence with the class. *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011) ("*Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity.").

The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of informed, arm's-length negotiations between experienced class action attorneys and made with the assistance of the mediation services of Shirish Gupta of JAMS; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

For the reasons set forth herein, the Court therefore preliminarily and conditionally approves the Agreement, including payment of settlement administration costs. The Court does not at this time approve any Class Representative Awards or proposed attorneys' fees. Class Counsel's motion for Attorneys' Fee and Expense Payment and Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Class Counsel shall file a motion for an award of reasonable attorneys' fees and expenses, and service awards for the Class Representatives, at least 21 days prior to the deadline for Class Members to object to or opt out of the Settlement. Settlement Class Members will also be notified through the Notice of Class Counsel's intent to seek attorneys' fees, expenses, service awards, and the amounts sought for each. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement Agreement.

## III. NOTICE AND SETTLEMENT ADMINISTRATION

Settlement Administrator. The Court appoints Eisner Advisory Group LLC d/b/a EisnerAmper ("Settlement Administrator") to serve as the Settlement Administrator. The

United States District Court
Northern District of California

Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below stated schedule and to perform all other tasks that the Settlement Agreement requires of the Settlement Administrator. The Settlement Administrator is authorized to establish the Settlement Fund as provided in Section 3.2.1 of the Settlement Agreement. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

Class Notice. The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of Plaintiffs' Motion satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. Due to the risk of exposing class members to abuse or violence that may result from direct outreach, the Court finds that traditional notice mechanisms may be problematic and that publication notice is the best notice reasonably available. As set forth in Paragraph 7.2.3 of the Settlement Agreement, the Settlement Administrator shall effect publication notice for a period of sixty (60) calendar days to potential Settlement Class Members via a digital banner on the home page of the Hotline's website (www.thehotline.org) displayed to website users reasonably believed to be located in California when accessed on both desktop and mobile devices. The Settlement Administrator shall also effect publication notice via advertisements with the material provisions of the Publication Notice published in the following publications: LA Daily News, Orange County Register, San Diego Tribune, San Jose Mercury, Sacramento Bee, Enterprise Record, Bakersfield Californian, Desert Sun, Fresno Bee, the San Bernardino County Sun, the Los Angeles Times, and the San Francisco Chronicle. These publications have been selected to reach large population centers and areas with elevated levels of domestic violence.

The Court approves, as to form and content, the Notice Plan, the Settlement Website, and the Toll-Free Number, and the form of notice, including the Detailed Notice and the text of the Publication Notice. As stated in the Motion for Preliminary Settlement Approval, class members will be notified through the Notice of Plaintiffs' intent to seek attorneys' fees, expenses, service awards, and the amounts sought for each. Nonmaterial modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved

by the Parties and consistent in all material respects with the Settlement Agreement and this Order. The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members. The Court further finds that the Notice Plan fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement under Federal Rule of Civil Procedure 23.

The Settlement Administrator shall provide notice consistent with the Notice Plan and notice shall begin to be disseminated to Settlement Class Members within forty-five (45) days of this Order ("Notice Date"). All costs associated with providing all forms of notice, responding to inquiries from the Settlement Class, and performing all other Settlement Administrator duties shall be paid out of the Settlement Fund, as set forth in paragraphs 3.2.5, 3.2.14.7, and 7.4 of the Settlement Agreement.

<u>CAFA Notice.</u> The Court finds that the CAFA notice sent by the Settlement Administrator on behalf of Genesys complies with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other provisions of the Class Action Fairness Act of 2005.

<u>Submission of Claims.</u> To participate in the Settlement, Class Members must follow the directions in the Settlement Agreement and Notice, and submit an Approved Claim with the Settlement Administrator by the Claim Form deadline of sixty (60) days after the Notice Date. The Claims Form shall be the updated version of the form, available as Exhibit A to the updated

Settlement Agreement. Dkt. No. 88-1, Ex. A. Class Members who do not submit a claim and those who do not submit Valid Claims will not receive a Class Payment, but they will be bound by the Settlement unless they opt out of the class. As detailed in the updated Claims Form and supplemental briefing related to the Claims Form, Class Members will only be required to provide their full name, street name, zip code, and email address to submit a claim. Additional identifying information, such as their street number, city, and phone number, are optional and will not be required to submit a claim.

Processing Claims. The Settlement Administrator shall review all Claim Forms to determine their validity and each Claimant's eligibility, and shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is a Valid Claim and shall reject any claim that does not materially comply with the instructions on the Claim Form, is not submitted by a Settlement Class Member, or is deemed to be duplicative or fraudulent.

Class Member Data. The Settlement Administrator shall act in compliance with the Joint Stipulated Protective Order (ECF No. 54), including but not limited to, keeping identities and contact information of all potential members of the Settlement Class confidential and using them only for purposes of administering this Settlement.

Settlement Distribution. As provided in paragraph I of the Settlement Agreement, the Net Settlement Fund shall be defined as the Settlement Fund less (a) the Cy Pres Award, (b) the cost of settlement notice and administration, (c) any Attorneys' Fees and Expenses Award, (d) any Service Awards, and (e) any taxes. Class members who submit claims can choose to receive payment through one of six methods: Venmo, Zelle, PayPal, prepaid digital Mastercard, paper check, or direct deposit. This broad set of payment methods gives Claimants flexibility to select a method that will allow them to receive payment while minimizing the possibility of alerting a potential abuser that they are a member of the class. For example, a prepaid digital Mastercard can be delivered using only an email address and does not require a deposit into a bank account. The Court finds that these payment methods adequately account for the safety and privacy concerns of the Class Members.

United States District Court
Northern District of California

Allocation. Subject to further consideration at the Final Approval Hearing, the Net Settlement Fund shall be distributed to Valid Claimants, who will receive payment of their *pro rata* share up to $1,250 per Settlement Class Member, as determined by dividing the Net Settlement Fund by the number of Valid Claims. If the Settlement Administrator determines that any residual funds remaining in the Net Settlement Fund after the initial distribution of payments cannot be feasibly distributed in a secondary distribution on a *pro rata* basis to Settlement Class Members who submitted a Valid Claim, the remaining funds shall be distributed *cy pres* to the National Domestic Violence Hotline, subject to further Court approval.

Furthermore, the Court hereby approves and adopts the following settlement approval schedule:

| Event | Deadline |
| --- | --- |
| Notice Date | 45 days after entry of this order. |
| Motion for Attorneys' Fee and Expense Payment and Service Awards | 55 days after entry of this order, and no later than 21 days before the Exclusion or Objection Deadline. |
| Exclusion or Objection Deadline | 90 days after entry of this order. |
| Claim Form Deadline | 105 days after entry of this order. |
| Responses to Objections | 111 days after entry of this order. |
| Final Approval Motion | 14 days before the Final Approval Hearing. |
| Final Approval Hearing | March 4, 2027, or as soon thereafter as is convenient for the Court. |

## IV. OPT-OUT AND OBJECTION PROCEDURES

Exclusion from the Settlement Class. Any person falling within the definition of the Settlement Class may, upon request, exclude themselves from the Settlement Class by "opting out." Any person who desires to opt out must submit written notice of such intent via United States Mail to the designated address established by the Settlement Administrator by the Exclusion

United States District Court
Northern District of California

Deadline. The written request to opt out must include: (i) the name of the Action; (ii) the person's full name, mailing address, email address, and telephone number; (iii) if the Settlement Class Member's current mailing address is not a California address, the Settlement Class Member's California mailing address(es) used when the Settlement Class Member communicated with the Hotline from April 11, 2023, through the date of submission of the Request for Exclusion; (iv) a specific statement of the person's intention to be excluded from the Settlement; (v) the identity of the person's counsel, if represented; (vi) an attestation confirming that the individual satisfies the eligibility requirements to be a Settlement Class Member and that the information provided is accurate; and (vii) be personally signed by the individual Settlement Class Member. The Settlement Administrator will keep the identities and contact information of all potential Settlement Class Members confidential and use them only for purposes of administering this Settlement. As stated in the updated Settlement Agreement, class members who request to opt out will not be contacted absent consent.

Any individual in the Settlement Class who does not submit a valid and timely Request for Exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Exclusion Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class (including the Final Approval Order and Final Judgment dismissing the Action).

Objections to the Settlement. Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's requested Attorneys' Fee and Expense Payment, or any requested Service Awards for the Class Representatives, must follow the procedures set forth below.

No Settlement Class Member will be heard on such matters unless they have filed, by the Objection Deadline, an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider. Any objection must include: (i) a caption or title that identifies it as an objection to Class Settlement in the Action; (ii) the Settlement Class Member's name as well as the Settlement Class Member's current address, the Settlement Class Member's California mailing address(es) used when the Settlement Class

United States District Court
Northern District of California

Member communicated with the Hotline from April 11, 2023, through the date of submission of the objection, if the Settlement Class Member's current mailing address is not a California address, email address, and telephone number; (iii) all grounds for the objection, with any factual and legal support for each stated ground; (iv) the identity of any witnesses the Settlement Class Member may call to testify; (v) copies of any exhibits that the Settlement Class Member intends to introduce into evidence at the Final Approval Hearing; and (vi) a statement identifying their counsel if they are represented by counsel. As stated in the updated Settlement Agreement, class members who object will not be contacted absent consent, except that the Parties will serve any responses to objections on the objector or the objector's counsel. If an objector files an objection without counsel, the Parties will take all reasonable steps to serve their responses on the objector in a way that preserves his or her privacy.

Objections must be in writing and must be signed by the objector. Objections must (a) be submitted only to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them electronically or in person at any location of the United States District Court for the Northern District of California, and (b) be filed or postmarked within forty-five (45) days after the Notice Date ("Objection Deadline").

Any Settlement Class Member who fails to object to the Settlement in the manner prescribed above, or who fails to do so by the Objection Deadline, shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means.

Settlement Class Members cannot both object to and exclude themselves from the Settlement Agreement. Any Settlement Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to the Agreement or any of its terms. In other words, Settlement Class Members who submit a valid and timely Objection but also submit a valid and timely Request for Exclusion will be deemed to have opted out of the Settlement and their objection will be void and invalid.

United States District Court
Northern District of California

**V. FINAL APPROVAL AND FAIRNESS HEARING**

A hearing for final approval of the Settlement Agreement will be heard on March 4, 2027 at 1:30 p.m. in Courtroom 5 of this Court. Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Members of the Settlement Class who object to the proposed settlement may appear and present such objections at the Fairness Hearing in person or by counsel, provided that any objecting Settlement Class Members submit a written statement containing the name and address of the objecting Settlement Class Member and the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be postmarked no later than 45 days from the date on which the Notices are sent out by the Settlement Administrator. No person shall be heard, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown. Class Counsel shall file a memorandum of points and authorities in support of the final approval of the Settlement Agreement no later than 14 days before the Final Approval Hearing. The filing shall detail the effectiveness of the class notice, and the class responses to the notices, including the take rate of class members.

The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Final Approval Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

**IT IS SO ORDERED**.

Dated: October 16, 2026

EDWARD M. CHEN
United States District Judge